## JACKSON *v.* ROANE.

90   669
95   419

1. Where an award is excepted to on the ground that the arbitrators acted improperly in bringing a person before them and taking his statement as a witness in the case without notice to the excepting party and without his knowledge or consent, after having announced that the taking of testimony was closed, it is not incumbent upon such party to show, in addition to this, that the conduct complained of operated to his injury.
2. In such case there is no presumption that the party waived notice or consented to the examination of the witness in his absence.
3. The court did not err in instructing the jury that they were not authorized to consider the legal ability, business skill or systematic habits of the arbitrators, in arriving at a conclusion as to the issues of fact.
4. There was no error in overruling the motion for a new trial.
   January 4, 1893.

Arbitration and award. Waiver. Charge. Before Judge McWHORTER. Wilkes superior court. May term, 1892.

H. T. LEWIS, W. M. SIMS and W. M. & M. P. REESE, for plaintiff in error.

W. M. HOWARD, B. S. IRVIN and WILLIAM WYNNE, by J. H. LUMPKIN, *contra.*

SIMMONS, Justice.

Certain matters of dispute between Roane and Jackson were submitted to arbitration, and the award was in favor of Jackson. Roane filed exceptions, all of which were stricken on demurrer, except one. In this exception it was complained that the award was illegal because of the improper conduct of the arbitrators in bringing before themselves one Vickers, after the testimony on both sides was closed, and taking his *ex parte* statement in the case, without notice to Roane or his counsel, and without affording them an opportunity to examine him. Jackson joined issue upon the exception, and on the trial of the issue attempted to show that there was a general agreement by the parties that the arbitrators might at any time call witnesses and continue the investigation after the parties had announced closed; also that during the examination of Vickers, one of the counsel for Roane came into the room and heard him examined, and offered no objection. This was contradicted. According to the testimony of Roane and his counsel no such agreement was entered into, and Vickers was examined without their knowledge or consent and after the arbitrators had announced that no further testimony would be heard. No notice was given them of the intention to examine the witness or of the time and place of the hearing, and they knew nothing of it until after the award was made. It appears also that the examination was had at the request of the successful party, to support him in a conflict between his own testimony and that of the opposite party. The jury found against the award "upon the specifications made in the issue submitted."

1. The plaintiff in error contends that before an award can be set aside on this ground, the excepting party must show that he was hurt by the misconduct complained of, especially if no fraud in the arbitrators

is charged. It is assigned as error that the court refused to instruct the jury to this effect, but on the contrary charged them that no such burden was imposed.

There was no error in this. Misconduct of the kind here shown is of itself a sufficient ground for setting aside the award, and this is so whether fraud is charged or not. The code (§2890) declares that "to sustain an award no unfair advantage should be given to either party in the hearing of the case or the rendering of the award." It will hardly be questioned that in this case an unfair advantage was given the successful party, if it be true that at his instance, after he had announced closed and after the arbitrators had stated that no further testimony would be heard, and without notice to the opposite party or any opportunity being afforded the latter to hear or reply to it, other testimony was received to settle in his favor a conflict between that party's testimony and his own. Certainly the complaining party, after showing these facts, will not be required to go further and probe the mind of each arbitrator and show that the testimony thus improperly received operated against him in the making up of the award. It was incumbent rather upon the party who procured its introduction to show, if he could, that it was harmless.

In *Wilkins* v. *Van Winkle*, 78 *Ga.* 557, the prevailing party, in the absence of the other party and after the evidence was closed, handed to one of the arbitrators a newspaper containing quotations of prices of oil and meal and showing the difference between the good and bad kinds of them; and this was made a ground of exception. The prices of oil and meal and the difference between the good and bad kinds, were a material part of the inquiry before the arbitrators, but upon the trial of the exception the paper was not produced, and it did not appear what the prices quoted or the differ-

ences shown by it were. So there were no means of knowing whether the paper operated in favor of the party who gave it to the arbitrator or not. The party himself testified that he gave it to the arbitrator without any improper intention, and because he was informed that the arbitrator selected by the opposite party had requested it; that he did not think it was in his own favor and did not offer it in evidence. It was held, nevertheless, upon this showing, coupled with the fact that the oath taken by the arbitrators was different from the one prescribed by the statute, that the setting aside of the award was proper. The leading case on this question is that of Walker *v*. Frobisher, 6 Vesey Jr. 70. In that case, as in this, the award was set aside because the arbitrator had received evidence after notice to the parties that he would receive no more. The arbitrator swore that this evidence had no effect upon his award. Lord Chancellor Eldon, however, in deciding the case said: "The award may have done perfect justice; but upon general principles it cannot be supported." Such conduct, it was held, "must be fatal to the award." In Morse on Arbitration and Award it is said: "The rule of requiring the arbitrator to hear nothing on behalf of either party unless the other party is present or has distinctly assented to his doing so, is generally very rigidly enforced. 'The smallest irregularity,' says Russell, 'is often fatal to the award.'" And he adds, it makes no difference that the arbitrator acted from unimpeachable motives. (Page 126, ed. 1872, and pp. 533 *et seq*.) See also: Abbott's Trial Evidence (ed. 1890), p. 470; Watson, Arbitration, p. 75; 11 Law Lib. p. 39. Stress was laid by the plaintiff in error upon the contention that the opposite party was himself examined *ex parte* after the testimony was closed. This was denied, but we think it immaterial whether he was so examined or not. On this subject we quote again from Morse:

" It makes no difference that the party who objects to an award on the ground that a witness on behalf of the other party has been examined in his absence and without notice to him, has himself been guilty of a like irregularity in privately communicating with the arbitrator. It is not a case for balancing irregularities." (Page 127 and cases cited.)

2. It is complained that the court erred in charging as follows: " If you should find from the evidence that the arbitrators closed the case as to the introduction of other evidence and so announced, and if you should further find from the evidence that the witness Vickers was afterwards introduced and examined by the arbitrators, without notice to the parties, the burden of proof is cast upon the person offering for judgment such award, to show to your satisfaction that the parties or their counsel consented thereto, and that the objector or his counsel knew of the introduction and examination of such witness and did not object thereto, or was present or otherwise waived notice or objections thereto, until after the award was made."

While it is true that the party attacking an award must negative the presumptions in its favor, we think when he shows that the arbitrators, without notice to him and after having announced to him that they would hear no further evidence, nevertheless did so, there is no presumption that he consented. The absence of notice under such circumstances is *prima facie* irregular, especially where, as in this case, it appears that the hearing of such evidence was had in behalf of the opposite party. There was no error, therefore, in charging the jury that the burden was upon the party offering the award for judgment, to account for the absence of notice.

3. It is complained that the court erred in charging that the jury were not authorized to consider the legal ability, business skill or systematic habits of the arbi-

v 90 43

trators in reaching a conclusion as to the issue of fact in the case. That issue was whether they heard evidence in the absence of the excepting party or his counsel without notice or consent. Clearly the ability or systematic habits of the arbitrators would be inadmissible as evidence to show whether they did this or not, and *a fortiori*, could not be considered when there was no proof about them. It appears from the motion for a new trial that this charge was given because counsel for the movant had contended in his argument to the jury that in determining the issue they should take these things into consideration.

4. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial. Exceptions *pendente lite* to the overruling of the demurrer to the exception upon which the award was set aside, were sent to this court by the clerk as a part of the record, but no reference is made to them in the bill of exceptions and no error assigned therein upon the overruling of the demurrer.          *Judgment affirmed.*