ORME, agent, *v.* BURNEY.

There being ample evidence to show that during the progress of the trial before the arbitrators one of them was guilty of conduct manifesting that he was not impartial, but was on the contrary a partisan of one of the parties and prejudiced in his favor, the jury were warranted in setting aside the award; and the sole issue being whether or not the arbitrator whose conduct was excepted to was fair and impartial, it was not material or necessary to have before the jury the evidence introduced before the arbitrators. There was no error in denying a new trial.

February 27, 1895.

Exceptions to award. Before Judge GRIGGS. Bibb superior court. November term, 1893.

L. D. MOORE, by brief, for plaintiff in error.

J. L. ANDERSON and HARRIS & HARRIS, *contra.*

LUMPKIN, Justice.

This case can be disposed of upon one controlling question, without noticing specially the various points raised by the motion for a new trial.

The evidence shows unquestionably that one of the arbitrators was not impartial. His conduct throughout the entire investigation shows that he was a partisan of one of the parties and prejudiced in his favor. This, without more, was sufficient to render the award illegal and of no binding effect against the party against whom

it was rendered. We quite agree with Chief Justice BLECKLEY in saying: "It is a misconception of the relation of arbitrators to consider one of them as being the arbitrator of one party, and the other the arbitrator of the other party. Courts have often held that a feeling of partisanship among arbitrators is incompatible with the impartial state of mind in which they ought to enter upon and discharge their duties. *Wilkins et al.* v. *Van Winkle & Co.*, 78 *Ga.* 568.

It was not necessary to have before the jury the evidence introduced before the arbitrators. The case of *Akridge et al.* v. *Patillo*, 44 *Ga.* 585, is not in conflict with the assertion just made. There it was held that all the exceptions to the award were, in effect, merely objections to it as being contrary to the evidence or the weight of the evidence; and this being so, it was, of course, necessary that the testimony submitted to the arbitrators should be before the court in order to enable it to pass intelligently upon the objections made. In *Jackson* v. *Roane*, 90 *Ga.* 669, it was held that where improper conduct on the part of the arbitrators was shown, it was not incumbent upon the complaining party to show that such conduct actually operated to his injury.

The verdict to set aside the award was right, and there was no error in denying a new trial.

*Judgment affirmed.*