PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, v. COMPAÑÍA POPULAR DE TRANSPORTE, INC., Respondent.

No. 12. Argued January 10, 1949.—Decided March 31, 1949.

*Vicente Géigel Polanco*, Attorney General (*Luis Negrón Fernández*, former *Attorney General* on the petition and on the brief), *A. Torres Braschi, Assistant Attorney General,* and *Yamil Galib Frangie, Special Assistant Attorney General,* counsel for the Labor Relations Board, for petitioner. *Artemio P. Rodríguez* for respondent.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The respondent, Compañía Popular de Transporte, eliminated the cleaning shift in its San Juan station between five o'clock in the afternoon and nine o'clock in the evening. The Unión de Empleados de Transporte, dissatisfied with the elimination of this shift, complained to the Grievance and Adjustment Committee of the Union and of the Compañía Popular de Transporte. A hearing was held but since they could not reach a final agreement as to the solution of the case, both the union and the company sought the intervention of an arbitrator and stipulated that his decision would be final and binding. The arbitrator rendered an award in favor of the union but the company refused to comply with it.

The petitioner in this case, the Labor Relations Board, relying on § 9 (2) (*c*) of the Labor Relations Act, Act No. 130 of May 8, 1945, as amended by Act No. 6 of 1946 assumes the representation of the union before us.

The company alleges (1) that the petition does not state facts sufficient to constitute a cause of action, (2) that the Puerto Rico Labor Relations Board lacks jurisdiction to take cognizance of an act in this case and, consequently, so does this Court, (3) that the award, whose enforcement is sought, is null and void and (4) that the petition was

addressed to the Judge in Vacation and not to the whole court as provided by § 9(2) (c) of the Labor Relations Act.

 As to the first question, the defendant has not stated a single ground in its support. In our opinion, the petition is sufficient. And we do have jurisdiction over these cases as decided today in *Labor Relations Board* v. *New York and Puerto Rico Steamship Company, post,* p. 730.

 The third ground of impeachment of the award presents rather serious questions. The defendant maintains that the issue in controversy was submitted to Mr. Julio Machuca as arbitrator and that it appears from the award: (1) that the arbitrator delegated, without the authority of the parties, on officers of the Department of Health to determine whether a janitor was required in the station of the company during the hours for which the shift in controversy was eliminated and (2) that the arbitrator admitted in evidence, after the hearing, a report of the Inspector of the Department of Health without the respondent having had an opportunity to cross examine the inspector or oppose such evidence.

In the submission to arbitration, the parties agreed that the question to be submitted to the arbitrator, Mr. Julio Machuca, was the following:

"The Union alleges· that the company has eliminated a shift in the San Juan station, which shift has been established for a long time and which the Union considers necessary."

The hearing of the case was held on October 29, 1947 both parties appearing.

From the award rendered by Mr. Machuca we copy the portions relevant to the questions raised by the respondent:

"The fifth member was strongly impressed with the allegation of the union to the effect that it is at nighttime when the toilets of the station are mostly soiled. As the company involved is a public service enterprise, although private, the fifth member knows that the Department of Health of Puerto Rico has promulgated specific regulations with respect to this

kind of enterprises. Accordingly, *no one best authorized than the Department of Health to determine whether the shift of five o'clock in the afternoon until nine o'clock in the evening was necessary,* since, as we just said, the Compañía Popular de Transporte being such a public service company, is bound to comply with the requirements of hygiene and public necessity. In fact on Tuesday, November 4, we visited the office of the Assistant Commissioner of Health, Dr. José R. Alúm, and sought his official cooperation in the sense that an officer of that Department should make an inspection for several days of the San Juan station of the company, especially at the hours covered by the shift which was eliminated by the company. The purpose of this inspection, made by persons legally authorized to do so, was to determine *whether a janitor was required* during the aforesaid hours and in either case to give his reasons therefor." (Italics ours except the latter which were supplied by the arbitrator.)

It then recites the steps taken by Dr. Alum to appoint an inspector to carry out the investigation and the award continues thus:

"Since the aforesaid inspection would take some time, the fifth member wrote to the union and to the company on November 18, informing them that the decision would be delayed somewhat because we were waiting for a report which we had sought from a governmental agency dealing directly on the matter in question. We considered this report necessary to render the award; but we assured the parties that as soon as said report reached us we would immediately render the award and send the respective copies to the interested parties.

" . . . . . . . .

"Yesterday on December 16 we received the official report from the Department of Health. It is signed by Mr. José Yejo Rojas, Health Inspector of the Health Department and it was accompanied by a letter from Dr. José R. Alum in his capacity as Assistant Commissioner of Health and another from Roberto López Candal, as Sanitation Officer. The report from Mr. Yejo Rojas was also approved by Dr. J. Polanco González. It is dated December 8, 1947."

The arbitrator then makes a summary of the report from Mr. Yejo Rojas, wherein he reaches the following conclusion:

"According to my observations, I have reached the conclusion that there is need of an employee to take care of the general cleanliness of the sanitary installations used by the public during the stated hours."

After passing on other questions, the award ends by saying:

". . . The company being a reliable enterprise such as it undoubtedly is, it has done and is doing everything possible to comply with the required sanitary measures. But it is conceivable that despite the zeal it has displayed something might have escaped, although not in bad faith, placing the company outside the margin of some of those requirements. *And this is revealed from the report of the Health Inspector of the Department of Health of Puerto Rico. The recommendations of those officers have a legal and binding effect. This then is not a mere subjective opinion of a fifth member; it is the opinion of an officer who is an expert in the matter,* and legally authorized precisely to discharge the duties of a health officer, for the benefit of the public interest, which in this specific case is above any private or personal interest of the company or of the Union.

"Therefore, *in the light of such strong and conclusive evidence, and it being of an official character such as the report rendered by the health inspector, Mr. José Yejo Rojas, undoubtedly is, the fifth member can but render the following*

### DECISION

"The elimination by the Compañía Popular de Transporte of the cleaning shift in the San Juan station covering the period between five o'clock in the afternoon until nine o'clock in the evening, cannot be justified by merely invoking an administrative right, for *in view of the legal and official report rendered by an officer of the Department of Health, it has been proved beyond any doubt, that this shift is necessary for the benefit of the public interest, inasmuch as the inspection showed that public health was endangered unless a strict vigilance was kept* over the sanitary conditions in the San Juan station of Compañía Popular de Transporte, not only from seven o'clock in the morning until five o'clock in the afternoon but also until at least nine o'clock in the evening, as it was previously done." (Italics ours.)

A mere reading of this award suffices to conclude that it can not be upheld or enforced.

Although the arbitrator did not make an express delegation of his power he did so tacitly when he says in the award that ". . . no one best authorized than the Department of Health to determine whether the shift of five o'clock in the afternoon until nine o'clock in the evening was necessary. . ." In effect it was an officer of said department who made the investigation during several days, without the intervention of the parties. He then rendered a report to the arbitrator. On the strength of this report, without the parties knowing its content, he exclusively based his award when he said that:

". . . The recommendations of those officers have a legal and binding effect. This then is not a mere subjective opinion of a fifth member; . . ."

And that:

". . . in the light of such strong and conclusive evidence, and it being of an official character such as the report undoubtedly is . . . the fifth member can but render. . ."

the decision, wherein he repeats that:

". . . in view of the . . . report . . . it has been proved beyond any doubt, that this shift is necessary. . ."

Here we have a tacit delegation of powers and the wrongful admission of evidence. The fact that the arbitrator wrote a letter to the parties telling them that he was waiting for a report which he had sought from an agency of the Government and which he considered necessary to render his award, does not constitute, as urged by petitioner, even in the absence of respondent's objection, a waiver on the part of the respondent of its right to impeach the award. The record does not contain the said letter, but from the terms in which, according to the award, it was couched, the respondent had nothing on which he could anticipate the scope of action of the arbitrator nor the use he would give to the

information which he had requested without giving respondent an opportunity to meet the evidence so obtained.

Among the causes to impeach and set aside an arbitration award there is included the improper conduct, not necessarily fraudulent, of the arbitrator, or the lack of due process of law. *Ríos* v. *Puerto Rico Cement Corp.*, 66 P.R.R. 446; *Labor Relations Board* v. *The New York and Porto Rico Steamship Co.*, *supra*. As a general rule an arbitrator has no power to delegate to others the determination, in whole nor in part, of the questions submitted to him. *David Harley Co.* v. *Barnefield*, 47 A. 544. Nor can he make a personal investigation without notice to the parties and base his award on evidence so obtained. *Stefano Berrizzi Co.* v. *Krausz*, 146 N. E. 436; 6 Williston on Contracts, 5399, footnote 2 and cases cited; *R. E. Jones & Co.* v. *Northern Assur. Co.*, 207 S.W. 459; *Giannopulos* v. *Pappas*, 15 P. 2d 353; *Jackson* v. *Roane*, 16 S. E. 650. See also, by analogy, *Escudero* v. *Minimum Wage Board*, 66 P.R.R. 561; *Casanovas & Cía. Sucrs., Inc.* v. *Court of Tax Appeals*, 61 P.R.R. 630; *Luce & Co.* v. *Minimum Wage Board*, 62 P.R.R. 431.

It seems that the arbitrator misjudged his mission. He thought that because there existed, according to the report of the inspector, a sanitary problem in the station of the company, he was bound to make this report the basis of his award. The sanitary problem might exist independently of the question submitted to arbitration, that is, the suppression of a shift of cleaning. The Department of Health may require the company to comply with the sanitary regulations and the company may comply with them without considering necessary the cleaning shift which it eliminated. On the other hand, the cleaning shift which was eliminated may be necessary irrespective of the specific sanitary conditions reported by the inspector or because of it. Be it as it may, the conclusion reached by the arbitrator in the manner expressed in the award can not be upheld.

The petition will be denied.

Mr. Justice Negrón Fernández did not participate herein.