26199.   HILL v. BOARD OF TAX EQUALIZERS
OF CLARKE COUNTY.

146

*Scott & Alexander,* for appellant.

GRICE, Justice. A judgment denying a writ of mandamus to compel county tax authorities to name their arbitrator and to proceed with the arbitration as to the value of the appellant's property is for review here.

The taxpayer involved, Fred A. Hill, filed a complaint in the Superior Court of Clarke County against individuals comprising the Board of Tax Equalizers of that county, composed of Fay J. Harrison, chairman, and two named members.

The complaint, insofar as material and necessary to recite here, made the allegations which follow. The Board of Tax Assessors of Clarke County made an assessment against appellant's property for state and county taxes; that pursuant to *Code Ann.* § 92-6912 the appellant designated Edgar K. Fowler as his arbitrator and requested arbitration; that the Board of Tax Equalizers, hereinafter referred to as the Board, declined to accept Mr. Fowler and asked that the appellant name another arbitrator. The Board's objection was in substance that Mr. Fowler then had a pending arbitration of his own property before the Board, and had thereby expressed an opinion and therefore could not be fair and impartial, particularly where the properties were of a similar nature and where the appellant and Mr. Fowler had asked that each be the arbitrator for the other.

The complaint also alleged that the Board's chairman stated that it would not proceed with arbitration and was willing for a mandamus action to be brought to determine the competence of Mr. Fowler as an arbitrator; that there is no reason why Mr. Fowler could not serve and nothing to indicate that he would not be entirely fair and impartial; that the Board has an official duty to proceed with arbitration as required by law and to name its arbitrator so that the two can name a third to determine the true value of the property for tax purposes.

The complaint prayed for rule nisi and for mandamus absolute requiring the Board to accept Mr. Fowler as appellant's arbitrator and to name its own.

To the complaint the Board filed an answer denying all essential allegations.

The parties stipulated for the case to be tried on the pleadings and exhibits. Their stipulation also recited Mr. Fowler's own arbitration matter, stating that he had demanded arbitration approximately two months previously and that pursuant thereto the arbitrators reduced his valuation about one month prior to the filing of this suit. It thus appeared that Mr. Fowler's arbitration matter was pending when the appellant designated him to serve, but that it had been concluded when this suit was filed.

Upon the trial of the case the judge entered an order which provided, in material part, "that on account of his having had a pending arbitration against the [Board], the arbitrator named by the plaintiff . . . is disqualified to act as arbitrator; and the mandamus is denied."

■ We have concluded that the trial court erred in holding that the arbitrator named here was disqualified.

He was not ineligible because of any provision in *Code Ann.* § 92-6912 which establishes the procedure for arbitration of tax valuations. The only qualification there is that the arbitrator be a "freeholder of the county." There is no contention that he did not meet that requirement.

Nor was he ineligible because of any relationship by blood or marriage to either of the parties. See in this connection, *Vestel v. Edwards,* 143 Ga. 368 (2) (85 SE 187).

We cannot agree that a valid ground of disqualification was the fact of his having had a pending arbitration as to the valuation of his own property against the Board, which had been concluded when the suit seeking the mandamus was filed.

We fully agree that in addition to the statutory qualification referred to above, since an arbitrator acts in a quasi-judicial capacity, he must possess the judicial qualifications of fairness, disinterestedness and impartiality. In this connection the foregoing statute (*Code Ann.* § 92-6912) requires, in relevant part, that the arbitrators must first take an oath "that they will faithfully and impartially make a true and just assessment . . . and will determine the matters submitted to them, according to law and justice and equity of the case."

However, it does not follow that merely because the arbitrator named here had, at the time of his designation, a pending arbitration before the Board involving his own property he should be prohibited from serving as arbitrator in the instant proceeding. Whatever opinion he may have formed or expressed in that matter should not be the basis for prejudgment in this matter, that he would not act in accordance with the high, but necessary, standards referred to above. It should not be presumed that for the reason ascribed here he would act with bias or prejudice.

If upon deliberations an award results from bias or prejudice of an arbitration, the aggrieved party may seek to set aside the award. *Code Ann.* §§ 7-111, 7-219; *Orme v. Birney,* 95 Ga. 418 (22 SE 633).

■ Since, under the ruling in the preceding divison, the arbitrator named by the appellant was not disqualified, the Board was under a clear legal duty to name its arbitrator and to proceed with the arbitration. In this connection, *Code Ann.* § 92-6912, supra, provides in material part that the taxpayer shall "give notice to the board that he demands an arbitration, giving at the same time the name of his arbitrator; the board *shall* name its arbitrator within three days thereafter and these two shall select a third, a majority of whom shall fix the assessments . . ." (Emphasis supplied.)

From what thus appears it was not a matter of discretion on the part of the Board, but the appellant had a clear legal right to have the Board act to name its arbitrator under *Code Ann.* § 92-6912, supra. Therefore the appellant was entitled to the writ of mandamus under *Code* § 64-101.

For the foregoing reasons, we regard its denial as erroneous.

*Judgment reversed. All the Justices concur.*