## 34025. BLUM v. BLUM.

MARSHALL, Justice.

The appellant-former wife and the appellee-former husband were divorced by order of the Fulton Superior Court dated September 28, 1976. By consent order of the superior court dated April 4, 1977, the parties submitted to arbitration the remaining issues precipitated by their divorce action. Under the terms of the arbitration order, the former husband was to appoint one arbitrator; the former wife was to appoint another arbitrator; and a third arbitrator was to be appointed by the court from a list of arbitrators submitted by counsel for the parties.

Arbitration commenced in November of 1977. On February 22, 1978, as the arbitration proceeding was reaching its final stages, the appellant filed a motion before the trial court for immediate termination of arbitration or, in the alternative, removal of the two arbitrators appointed by the appellee and the court. The appellant argued that these two arbitrators were disqualified by reason of their not being impartial towards her. As support for her argument that the arbitrator appointed by the appellee was not impartial, the appellant submitted affidavits showing that this arbitrator had made certain statements on December 16, 1977, to another arbitrator which were biased against her. As support for her argument that the arbitrator appointed by the court was not impartial, the appellant alleged that it had recently come to her attention that this arbitrator was a member of a law firm which had previously represented her in this divorce litigation and which she had dismissed.

The trial court adopted the report of the arbitrators and made it the judgment of the court. On the same day, the court overruled the appellant's motion to disqualify

two of the three arbitrators or terminate the arbitration. The former wife appeals the overruling by the trial court of this latter motion. *Held:*

Although the appellant does not seek to set aside the award, the partiality of an arbitrator as to one of the parties to an arbitration proceeding, unknown to the other party, is a ground for setting aside the award. *Edwards v. Employers &c. Ins. Co.,* 219 Ga. 121 (132 SE2d 39) (1963); *Orme v. Burney,* 95 Ga. 418 (22 SE 633) (1893). As to the degree of partiality required in order to vitiate the award, it has been held sufficient that the relationship between the arbitrators and one of the parties is of such a nature as to give clear grounds for suspicion of their proceedings and render it unlikely that they constituted the fair and impartial tribunal to which the other party is entitled. *Edwards v. Employers &c. Ins. Co.,* supra.

The parties are in accord that the question of whether or not to disqualify an arbitrator on grounds of partiality addresses itself to the sound discretion of the trial court, and we agree.

In the present case, no transcript of the hearing on the motion to disqualify the arbitrators has been made part of the record on appeal. From the record before us we are unable to say that the trial court abused its discretion in refusing to disqualify these arbitrators. The appellee alleges possible grounds under which the trial court would have been authorized to overrule the appellant's motion, and, in the absence of a transcript, we must assume that the evidence supports the judgment of the trial court. E.g., *Butler v. Butler,* 238 Ga. 198 (232 SE2d 246) (1977); *Hines v. Hines,* 237 Ga. 755 (2) (229 SE2d 744) (1976); *Brown v. Brown,* 230 Ga. 566 (2) (198 SE2d 182) (1973).

The appellant does make the argument that the trial court denied her the opportunity to present evidence as to the alleged partiality of these arbitrators; but, again, the absence of a transcript makes it impossible to determine the merit of this argument.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

Argued September 19, 1978 — Decided November 22, 1978 —

720

*Daniel S. Zevin,* for appellant.
*Gilbert H. Deitch,* for appellee.