A98A0857. GOSHAYESHI v. MEHRABIAN.
(501 SE2d 265)

ELDRIDGE, Judge.

In this direct appeal following an arbitration award, appellant/defendant Mohammed Goshayeshi challenges a Cobb County trial

court's order granting plaintiff/appellee's application to compel arbitration. Appellant asserts that he did not consent in writing to binding arbitration. It is for this reason also that appellant contends the trial court erred in subsequently affirming the arbitration award.

"The grant of an application to compel arbitration is not directly appealable pursuant to OCGA § 5-6-34 (a) (4), but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b). [Cits.] A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. [Cit.]" *Pace Constr. Corp. v. Northpark Assn.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994). The correctness of this mandatory procedure is illustrated no more clearly than in this case, wherein the record shows that appellant failed to take any affirmative action to stay arbitration proceedings prior to the trial court's order or to contest arbitration proceedings after the trial court's order.[1]

Accordingly, this appeal must be dismissed. The order to compel arbitration from which Goshayeshi appeals is not a final judgment, and he failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). *Pace*, supra at 439; *McAllaster v. Merrill Lynch &c.*, 212 Ga. App. 697 (443 SE2d 9) (1994).

*Appeal dismissed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 3, 1998

*Dupree, Johnson & Poole, A. Gregory Poole*, for appellant.
*Gerald W. Fudge*, for appellee.

---

[1] In order to perfect the record for appellate review, a party must register a timely objection to a motion to compel arbitration. To that end, the statute provides that "a party who has not participated in the arbitration and who has not made an application to compel arbitration may apply to stay arbitration on the grounds that: (1) *[n]o valid agreement to submit to arbitration was made*; (2) [t]he agreement to arbitrate was not complied with; or (3) [t]he arbitration is barred by limitation of time." (Emphasis supplied.) OCGA § 9-9-6 (b). Further, when served with a demand for arbitration, the served party *must* apply for a stay of arbitration within 30 days of service, or "he will thereafter be precluded from denying the validity of the agreement." OCGA § 9-9-6 (d).