Hillman, J.
The plaintiff seeks declaratory and in-junctive relief prohibiting Russell Chernin, the defendant’s attorney, from being named as an “impartial arbitrator” in a dispute between the parties over the amount of rent to be paid by the defendant to the plaintiff. The plaintiff claims that attorney Chernin’s role as counsel for the defendant precludes him from being named. The defendant claims that attorney Chernin is an appropriate choice and that this court has no business interfering in the arbitration process. The plaintiff has moved for a permanent injunction enjoining Mr. Chernin from acting as an arbitrator in this matter. The court will treat this motion as a motion for a judgment on the pleadings under the provisions of Mass.R.Civ.P 12(c) and decide the narrow question of whether this court can prohibit a parly from acting as an arbitrator and if so, whether Mr. Chernin must be excluded.
The plaintiff owns and rents commercial space to the defendant who runs a restaurant. The rights and obligations of the parties are memorialized in a lease agreement entered into between the parties on June 24, 1994. That lease expired under its own terms on June 30, 1999. Under the terms of the lease the defendant has an option to renew for two additional five-year periods. That agreement calls for Tiano’s to pay Fair Market Rental as that term is defined in the lease agreement. The parties cannot agree on what the Fair Market Rental is. Under the terms of the agreement “Fair Market Rental Value shall be determined by impartial arbitrators, one to be chosen by Landlord, one to be chosen by Tenant and to be selected, if necessary as provided ...”
The Legislature has conferred upon the Superior Court Department the authority to entertain proceedings for declaratory judgment. G.L.c. 231 A. The statute is remedial and its purpose is to remove and to grant relief against uncertainty and insecurity with respect to the matters included within the scope of the chapter. G.L.c. 231A, s. 9. Under the statute this court is empowered to make binding determinations of right, status, and duty. This matter presents such uncertainty and seeks this court to simply determine whether Attorney Chernin may act as an impartial arbitrator.
The defendant argues that this court may not decide an arbitration issue. They argue that it should be better left to the arbitrators. This court agrees; to a point. This court is reluctant to interfere with an arbitration agreement voluntarily entered into between the parties. The legislature has in G.L.c. 251 enacted a comprehensive statutory scheme outlining practice and procedure in commercial arbitrations such as this. That statute limits judicial review of arbitration awards and is reflective of strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes. Plymouth-Carver Regional School Dist. v. J. Farmer & Co. (1990) 407 Mass. 1006, 553 N.E.2d 1284.
However, for the arbitration to have any meaning, it must be conducted by an “impartial” arbitrator. Since arbitrators are selected, not as agents of the parties, but to act in a quasi-judicial capacity in place of a court, they must be impartial and nonpartisan so as to render exact justice to the parties. While there is no Massachusetts decision squarely on point other jurisdictions have held that, in actions such as this one, which invoked the general equity powers of the court, it has been held that an arbitrator may be removed for bias or prejudice, and that an arbitration proceeding may be stayed until a new arbitrator has been appointed. Ger. Bros., Inc. v. Mott, 144 Conn. 303 (1957). Blum v. Blum, 242 Ga. 718 (1978).
Those courts have pointed out that it is the better course to prevent an incompetent arbitrator from acting rather than, after the delay, expense, and trouble of a reference and award to set aside the award, thus rendering all the proceedings a nullity. This case presents such a situation. It is clear and uncontro-verted that attorney Chernin is counsel for Tiano’s. Furthermore, he has vigorously advocated his client’s position with respect to the disputed rent. Northworks has supplied this court with 10 letters written by Attorney Chernin between September of 1998 and July of 1999 advocating his client’s position.[1] It is clear to this court that Attorney Chernin is not “impartial” in this matter and thus must be disqualified from acting as an arbitrator.
Order
Attorney Russell Chernin is permanently enjoined from acting as an arbitrator with respect to the determination of the value of rent to be paid during the first renewal period of the above referenced lease.

 Attorney Chernin seeks to disqualify those correspondences, however the court will consider them as evidence that he advocated for Tiano’s. The court accepts these letters not for their contents but for the fact that Attorney Chernin was a zealous advocate of Tiano’s position with respect to the disputed rental figure.