## A09A1241. TORRES et al. v. PIEDMONT BUILDERS, INC. et al.
### (686 SE2d 464)

DOYLE, Judge.

William Torres and Jack Sawyer, Jr. ("Owners") appeal from the dismissal of their application to appoint an arbitrator pursuant to OCGA § 9-9-7 (b) (1), contending that the superior court erred in ruling that the arbitration of their construction dispute should be administered by the arbitration group named in their construction contract. Discerning no error, we affirm.

Because the relevant facts are undisputed and the error asserted presents a question of law, we review the superior court's ruling de novo.[1] The Owners entered into a contract with Piedmont Builders, Inc. ("Piedmont"), for the construction of a home. After a disagreement arose, the Owners filed a "Motion for the Appointment of an Arbitrator" pursuant to OCGA § 9-9-7, requesting that the superior court appoint an arbitrator to resolve their dispute. In their motion, the Owners asserted that the arbitration provision in the construction contract did not specify the arbitrator or a method for determining one; therefore, they sought appointment of one of three arbitrators named in their motion. The superior court dismissed the action and ordered that the arbitration be administered by Construction Arbitration Associates, Inc. ("CAA"), which is named in the arbitration agreement. The Owners then filed this appeal.

1. As a preliminary matter, we address Piedmont's assertion that we lack jurisdiction because the Owners failed to follow the procedures for interlocutory appeal under OCGA § 5-6-34 (b). Piedmont argues that the case is not directly appealable, relying on *Goshayeshi v. Mehrabian*[2] and *Pace Constr. Corp. v. Northpark Assn.*,[3] which state that "[t]he grant of an application to compel arbitration is not directly appealable pursuant to OCGA § 5-6-34 (a) (4), but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b)." However, in those cases, the appeals did not arise from final judgments;[4] here, the appeal arises from a final order dismissing the original action in its entirety, and the case is no longer pending in the superior court. Accordingly, we conclude that this appeal is from a

---

[1] See *Cash In Advance of Fla. v. Jolley*, 272 Ga. App. 282 (612 SE2d 101) (2005) ("the construction of an arbitration agreement, like any other contract, presents a question of law, which is subject to de novo review").

[2] 232 Ga. App. 81, 82 (501 SE2d 265) (1998).

[3] 215 Ga. App. 438, 439 (450 SE2d 828) (1994).

[4] See *Goshayeshi*, 232 Ga. App. at 82 ("[t]he order to compel arbitration from which Goshayeshi appeals is not a final judgment"); *Pace Constr. Corp.*, 215 Ga. App. at 439 (appeal from a motion to stay judicial proceedings).

final judgment directly appealable under OCGA § 5-6-34 (a) (1).[5] Piedmont's motion to dismiss the appeal is denied.

2. Turning to the merits of the Owners' appeal, we first examine whether the superior court erred because, as the Owners argue, the construction contract did not provide a method for appointing the arbitrator. The language of the construction contract provides as follows:

> The Contractor and the Owner agree that any disputes or claims arising out of the contract or breach thereof shall be decided by arbitration in accordance with the Official Code of Georgia annotated Sec. 9-1-1, et seq. and with the rules and procedures of Construction Arbitration Associates, Ltd and shall be made within a reasonable time, but not less than 30 days after the dispute has arisen.

It is undisputed that the rules and procedures of CAA provide that to initiate arbitration, "two copies of the contract including the arbitration provision shall be submitted with a Demand. Upon receipt, CAA shall appoint an Arbitrator from the Construction Arbitration Panel. After that selection, CAA shall give notice of such appointment to both parties." The Owners concede that the parties agreed to arbitration and that they agreed to follow the rules and procedures of CAA. In light of this, it would be inherently inconsistent to use some other method of appointing an arbitrator outside of CAA rules. Therefore, based on the plain language of the construction contract, the superior court did not err in sending the arbitration to CAA for resolution in accordance with its rules and procedures.

3. The Owners also contend that the superior court should have disqualified CAA because CAA allegedly demonstrated bias during the resolution of the Owners' application in the superior court. We disagree.

"[T]he question of whether or not to disqualify an arbitrator on grounds of partiality addresses itself to the sound discretion of the trial court."[6] Accordingly, absent an abuse of that discretion, we will uphold the superior court's ruling here.

Prior to responding to the Owners' application in the superior court, Piedmont wrote a letter to CAA, with a copy to the Owners' attorney, seeking clarification as to whether CAA allows other

---

[5] See OCGA § 9-9-16 ("[a]ny judgment or *any order considered a final judgment* under this part may be appealed pursuant to Chapter 6 of Title 5") (emphasis supplied).

[6] *Blum v. Blum*, 242 Ga. 718, 719 (251 SE2d 246) (1978).

companies to use its rules of arbitration, whether the CAA had experience with cases involving similar contract language, and how CAA rules determine who is the arbitrator. Because Piedmont's letter requested a response to both parties, "there is no issue of ex parte contact." CAA responded with a letter, via facsimile and first class mail to both Piedmont and the Owners' attorney, that provided answers to the questions, including a statement that CAA had no experience using CAA rules "where the choice of the Arbitrator by CAA was at issue," and invited them to share the letter as necessary.

There is no allegation that CAA has any special relationship to Piedmont or any interest in the outcome of the arbitration, and CAA provided little or no analysis of the issue other than to quote its procedure for initiating arbitration.

> As to the degree of partiality required in order to vitiate [an] award, it has been held sufficient that the relationship between the arbitrators and one of the parties is of such a nature as to give clear grounds for suspicion of their proceedings and render it unlikely that they constituted the fair and impartial tribunal to which the other party is entitled.[7]

Here, there is no ground for suspicion of any future proceedings based on the exchange of letters in the record. The exchange was transparent to both parties, and CAA's response essentially provided the information requested by Piedmont. Under these circumstances, we discern no abuse of the trial court's discretion in failing to disqualify CAA.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 10, 2009.

*Kenneth R. Ozment*, for appellants.
*Carol V. Clark*, for appellees.