# Court of Appeals
# of the State of Georgia

ATLANTA,  September 07, 2016

*The Court of Appeals hereby passes the following order:*

## A17D0039.  JAMES R. HARPER, III v. STEPHEN R. HARPER et al.

The parties are brothers and co-Trustees of the revocable trust of their mother, who died in January 2015.  James T. Harper, III and Stephen R. Harper filed petitions to probate their mother's will and subsequently filed caveats to each other's petitions. The brothers subsequently entered into an agreement for arbitration which provided (1) that James Harper was to serve as Executor over their mother's estate, (2) that James Harper  was to "immediately" transfer all property to the revocable trust, and (3) that "[a]ll other matters, issues and claims . . . shall be submitted to binding arbitration."  In February 2016, the trial court entered a consent order regarding the agreement for arbitration.  In March 2016, Steven Harper and a third brother, Thomas D. Harper, filed a motion to enforce and for contempt in which they also requested attorney fees.  In April 2016, the trial court granted the motion to enforce and ordered James Harper to transfer the real property into a trust.  The trial court also ordered the parties to return to arbitration and ordered James Harper to pay $26,700.00 in attorney fees, but reserved its ruling on the motion for contempt until further proceedings.

James Harper then filed his first application seeking discretionary review of the April 2016 order.  This Court dismissed his application for failing to follow the interlocutory appeal procedures because the case remained pending below.  See Case No. A16D0396 (dismissed June 9, 2016).  In May 2016, Steven and Thomas Harper filed a second motion for contempt and request for attorney fees.  During a June 2016 hearing, the parties agreed on the language for the deed of assent and the deed was executed transferring the real property.  Subsequently, in July 2016, the trial court entered an order denying Steven and Thomas Harper's request for attorney fees with

regard to the second motion for contempt. James Harper then filed this application for discretionary appeal again seeking to challenge the April 2016 award of attorney fees. We, however, lack jurisdiction.

This case remains pending below as the parties are to return to arbitration pursuant to the consent order. Compare *Goshayeshi v. Mehrabian*, 232 Ga. App. 81, 82 (501 SE2d 265) (1998) (an order compelling arbitration and staying court proceedings is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1), but instead, it is a non-final ruling subject to the interlocutory appeal procedures of OCGA § 5-6-34 (b)). Because no final judgment has been entered, James Harper was again required to follow the interlocutory appeal procedures, which include obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (408 SE2d 103) (1991). Although James Harper filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). James Harper's subsequent failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction to consider this application. Accordingly, this application is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/07/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*