**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2018**

# In the Court of Appeals of Georgia

A17A1859. AUSTIN REGIONAL HOME CARE, INC. et al. v.
CAREMINDERS HOME CARE, INC. et al.

BETHEL, Judge.

Austin Regional Home Care, Inc., William Gorman, and Nancy Gorman ("Appellants") appeal directly from the trial court's order compelling arbitration with regard to claims brought against Careminders Home Care, Inc. and Careminders, Inc. (collectively, "Careminders"). Careminders moved to dismiss this appeal, arguing that this Court lacks jurisdiction because the trial court's order compelling arbitration did not constitute a final judgment. Because we agree with Careminders that this Court lacks jurisdiction, we dismiss this appeal.

Careminders brought suit against the Appellants in July 2016, alleging a number of causes of action relating to the parties' business relationship. In February

2017, Careminders moved to exercise arbitration provisions in several agreements entered into with the Appellants. Over the objection of the Appellants, the trial court granted Careminders' motion to compel arbitration. In its order, the trial court also included a provision which stated

> In accordance with OCGA § 9-9-6 (a), this Order shall operate to stay this action in all aspects of this litigation, and the Clerk is hereby ordered to administratively close this file such that it does not appear as a pending matter. If and when any party should desire to return this matter to an open and active status, the party should formally move the Court for an order lifting the stay.

As a general matter "[t]he grant of an application to compel arbitration is not directly appealable pursuant to OCGA § 5-6-34 (a) (4), but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b)." *Goshayeshi v. Mehrabian*, 232 Ga. App. 81, 81 (501 SE2d 265) (1998). "A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court." *Pace Constr. Corp. v. Northpark Assoc., L.P.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994) (citation omitted).

Appellants sought a certificate of immediate review from the trial court, which it denied. Appellants then brought this appeal directly from the trial court's order compelling arbitration. In its brief, Appellants assert that, despite this Court's prior holdings in *Goshayeshi* and *Pace*, the trial court's order compelling arbitration was a final order from which it could appeal to this Court directly, citing this Court's decision in *Torres v. Piedmont Builders, Inc.*, 300 Ga. App. 872, 872-73 (686 SE2d 464) (2009).

We find the facts of *Torres* to be inapposite to the posture of this case. In *Torres*, one of the parties to an arbitration agreement sought to exercise its right to arbitrate the dispute. 300 Ga. App. at 872 (1). When the trial court ordered the parties to arbitration, it simultaneously dismissed the underlying action. *Id*. Thus, this Court determined that, although based on an order compelling arbitration, the appeal arose "from a final order dismissing the original action in its entirety" such that the case was "no longer pending in superior court." *Id.* Because the case had been dismissed below, this Court determined that the appeal in *Torres* was brought from a final judgment that was directly appealable pursuant to OCGA § 5-6-34 (a) (1). *Id*. at 873 (1).

In contrast, in this case, the language of the trial court's order compelling arbitration plainly contemplates that the case will remain open, though dormant. By noting that the order compelling arbitration stayed further action on the case and that such stay could be lifted by the trial court, the trial court did not "dismiss[] the original action in its entirety" as occurred in *Torres*. Rather, it suspended further action on the case until such time as either of the parties sought to reopen the matter before the trial court by requesting that the stay be lifted. *See Bloomfield v. Liggett & Myers, Inc.*, 129 Ga. App. 141, 141 (198 SE2d 906) (1973) ("A stay in proceedings is merely a suspension of proceedings . . ."). As a result, the trial court's order compelling arbitration does not constitute a final judgment that is directly appealable to this Court.

In order to appeal the trial court's order, the Appellants were thus compelled to follow the procedure for seeking interlocutory review set forth in OCGA § 5-6-34 (b), which provides that

> [w]here the trial judge in rendering an order, decision, or judgment, not otherwise subject to direct appeal . . . certifies . . . that the order, decision, or judgment is of such importance to the case that immediate review should be had, the . . . Court of Appeals may thereupon, in [its] respective discretion[], permit an appeal to be taken from the order,

4

decision, or judgment if application is made thereto within ten days after such certificate is granted.

The trial court refused to grant the certificate of review sought by Appellants in this case. Thus, Appellants were barred from applying to this Court for interlocutory review, as the granting of such certificate by the trial court is a clear prerequisite to this Court's consideration of an application for review pursuant to OCGA § 5-6-34 (b). *Pace*, 215 Ga. App. at 439.

As Appellants could not seek interlocutory review of this matter pursuant to OCGA § 5-6-34 (b) and because they have failed to demonstrate that the trial court's order is a final judgment directly appealable to this Court pursuant to OCGA § 5-6-34 (a), we are compelled to dismiss this appeal without consideration of the merits of Appellants' enumerations of error.

*Appeal dismissed. McFadden, P. J., and Branch, J., concur.*