# Court of Appeals
# of the State of Georgia

ATLANTA, _May 31, 2023_

*The Court of Appeals hereby passes the following order:*

## A23A0957.  JONATHAN MATTHEW MARCHMAN v. JEWITT KITCHENS et al.

In 2022, Jonathan Matthew Marchman filed suit against Jewitt Kitchens and JISK, Inc.  ("the defendants"). The defendants filed a motion to dismiss Marchman's complaint and compel arbitration and the matter proceeded to a hearing. At the hearing, the trial court directed the defendants to file an answer, which they did. In their answer, the defendants also asserted counterclaims against Marchman. The trial court thereafter granted the defendants' motion to dismiss Marchman's claims and compelled Marchman to settle any irreconcilable disputes between the parties by binding arbitration. Marchman filed this direct appeal from the trial court's order dismissing his claims and compelling arbitration.

Generally, "the grant of an application to compel arbitration is not directly appealable . . . , but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b)." *Austin Regional Home Care, Inc. v. Careminders Home Care, Inc.*, 344 Ga. App. 608, 608 (810 SE2d 676) (2018) (punctuation omitted). In contrast, an order granting an application to compel arbitration and dismissing the original action in its entirety is a final judgment and is subject to direct appeal. *Torres v. Piedmont Builders, Inc.*, 300 Ga. App. 872, 872 (1) (686 SE2d 464) (2009); see  OCGA § 5-6-34 (a) (1). Here, the trial court's order granted the defendants' motion to compel arbitration and dismissed Marchman's claims. But the trial court's order did not dismiss the underlying action in its entirety nor did it make any reference to the defendants' counterclaims. For this reason, it appears that the trial court's order is not a final judgment, and Marchman was required to follow the interlocutory appeal

procedures in order to appeal. See *Austin Regional Home Care*, 344 Ga. App. at 608-609; OCGA § 5-6-34 (b). Marchman's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__05/31/2023_____
        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.