# Court of Appeals
# of the State of Georgia

ATLANTA, September 12, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0181. REGINA DELANEY v. MID-AMERICA APARTMENTS, L.P. et al.

The defendant in this civil action sought state court review following an adverse judgment in magistrate court. The defendant subsequently filed a motion to compel arbitration, which the state court granted. Regina Delaney, the plaintiff, then filed this direct appeal. We lack jurisdiction for two reasons.

First, generally "the grant of an application to compel arbitration is not directly appealable . . . , but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b)." *Austin Regional Home Care v. Careminders Home Care*, 344 Ga. App. 608, 608 (810 SE2d 676) (2018) (punctuation omitted). In contrast, an order granting an application to compel arbitration and dismissing the original action in its entirety is a final judgment and is subject to direct appeal. *Torres v. Piedmont Builders, Inc.*, 300 Ga. App. 872, 872 (1) (686 SE2d 464) (2009); see OCGA § 5-6-34 (a) (1). Here, because the state court's order compelling arbitration did not dismiss the case in its entirety, Delaney was required to follow the interlocutory appeal procedures in order to appeal. See *Austin Regional Home Care*, 344 Ga. App. at 608-610; OCGA § 5-6-34 (b).

Second, even if the state court's order were final, this case would be subject to the discretionary appeals procedure. Appeals following a state court's review of a magistrate court's decision must be brought by discretionary application. OCGA § 5-6-35 (a) (11), (b); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995). "Compliance with the discretionary appeals procedure is

jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Delaney's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  09/12/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*