# Court of Appeals
# of the State of Georgia

ATLANTA,  September 17, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0278. CORBIN YOUNG v. REPUBLIC FINANCE, LLC.**

Republic Finance, LLC, filed this civil action against Corbin Young in state court. After Young answered and asserted counterclaims, Republic Finance filed a motion to stay the proceeding and compel arbitration, which the trial court granted. Young then filed this direct appeal, and Republic Finance has filed a motion to dismiss the appeal. We agree that we lack jurisdiction.

"[T]he grant of an application to compel arbitration is not directly appealable . . . , but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b)." *Austin Regional Home Care v. Careminders Home Care*, 344 Ga. App. 608, 608 (810 SE2d 676) (2018) (punctuation omitted). In contrast, an order granting an application to compel arbitration and dismissing the original action in its entirety is a final judgment and is subject to direct appeal. *Torres v. Piedmont Builders*, 300 Ga. App. 872, 872 (1) (686 SE2d 464) (2009); see OCGA § 5-6-34 (a) (1). Here, because the state court's order compelling arbitration did not dismiss the case in its entirety, Young was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — in order to appeal. See *Austin Regional Home Care*, 344 Ga. App. at 608-610; OCGA § 5-6-34 (b).

Young's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this appeal. Accordingly, Republic Finance's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/17/2025_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*