# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2209.  JACQUELINE STRYKER v. HOME BUYERS RESALE WARRANTY CORPORATION et al.

Jacqueline Stryker filed this civil action against Home Buyers Resale Warranty Corporation ("HBRWC"), Westchester Fire Insurance Company, and Dunn's A/C & Heating, LLC in superior court. HBRWC filed a motion to compel arbitration. Thereafter, the superior court entered an order compelling arbitration and dismissing Stryker's claims against HBRWC and Westchester, but left pending the claims against Dunn's. Following the denial of a motion for reconsideration, Stryker filed this direct appeal. We, however, lack jurisdiction.

"[T]he grant of an application to compel arbitration is not directly appealable … , but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34(b)." *Austin Regional Home Care v. Careminders Home Care*, 344 Ga. App. 608, 608 (810 SE2d 676) (2018) (punctuation omitted). In contrast, an order granting an application to compel arbitration and dismissing the original action in its entirety is a final judgment and is subject to direct appeal. *Torres v. Piedmont Builders*, 300 Ga. App. 872, 872(1) (686 SE2d 464) (2009); see OCGA § 5-6-34(a)(1). Here, because the superior court's order compelling arbitration did not dismiss the case in its entirety, Stryker was required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — in order to appeal. See *Austin Regional Home Care*, 344 Ga. App. at 608–10; OCGA § 5-6-34(b). Stryker's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over

this appeal.[1] Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___06/26/2026_____*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We also note that the denial of a motion for reconsideration is not itself appealable. *Mosher v. Mosher*, 378 Ga. App. 187, 189 (919 SE2d 831) (2025).