A90A1042. BARTLETT v. DIMENSION DESIGNS, LTD. et al.
(395 SE2d 64)

BIRDSONG, Judge.

Appellant, Ronald L. Bartlett d/b/a Bartlett's Custom Cabinets (hereinafter Bartlett's), appeals the order of the trial court affirming the award of the arbitrator for $17,910 and denying certain claims.

Appellee, Dimension Designs, a subcontractor, entered into a certain building construction contract with Batson-Cook, a prime contractor. Subsequently, on June 15, 1987, appellant entered into a separate construction contract with Dimension Designs to provide certain "cabinetry." Although this contract refers to Dimension Designs as "owner" and Bartlett's as "contractor," it appears that in re-

ality Bartlett's was a subcontractor of the subcontractor Dimension Designs.

The contract between Dimension Designs and Bartlett's pertinently provided that: "All claims or disputes between the [c]ontractor (Bartlett's) and the [o]wner arising out of, or relating to, the [c]ontract [d]ocuments or the breach thereof shall be decided by arbitration in accordance with the construction Industry Arbitration Rules of the American Arbitration Association then obtaining *unless* the parties mutually agree otherwise. . . . The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereto. . . ."

Bartlett's subsequently brought suit to foreclose a lien on the construction property. Dimension Design, Batson-Cook, and the Federal Insurance Company were named as defendants in the suit, and thereafter Dimension Design filed a cross-claim against the prime contractor, Batson-Cook. Batson-Cook and the Federal Insurance Company both filed motions to stay the proceedings and apparently, to compel arbitration by Dimension Design. The trial court issued an order requiring Bartlett's, Dimension Design, and Batson-Cook to arbitrate. *Held*:

1. Appellant has filed a motion to strike Exhibits A, B, and D attached to the brief of appellee Batson-Cook. However, we will not consider any of the exhibits attached to the brief. Neither a brief nor an attachment thereto can be used as a procedural vehicle for adding evidence to the record, as we must take our evidence from the record and not from the briefs of either party. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824 (392 SE2d 33) (1990).

2. Appellant asserts that the trial court erred in ordering arbitration on motion of counsel for the prime contractor as it was not a party to the contract requiring arbitration.

At the outset we note that this case involves the application of an arbitration provision contained in a construction-type contract executed in 1987, and therefore is subject to the provisions of the Georgia Arbitration Code for construction Contracts, rather than the Georgia Arbitration Code of 1988. Compare OCGA § 9-9-2 (a) and (b) with § 9-9-81.

We find that the order of the trial court directing arbitration "is in the nature of an interlocutory mandatory injunction which is appealable under [OCGA § 5-6-34 (a) (4)]. . . . [T]o prevent such an appeal from becoming moot, it is necessary for the appealing party to obtain a supersedeas. If a supersedeas is not obtained, then the ordered action takes place as ordered, and the appeal becomes moot. . . . The Civil Practice Act [OCGA § 9-11-62 (a)] provides that an interlocutory injunction shall not be stayed during the pendency of

an appeal unless a stay is ordered by the court. Therefore, to stop the holding of [the arbitration proceedings] that has been ordered by the trial court, a supersedeas must be obtained from the trial court or from an appellate court in the event the trial court refuses to grant a supersedeas. Without such a supersedeas, the [arbitration proceedings] must be conducted as ordered. And once [as in the case sub judice] the ordered [arbitration proceedings] is held, complaint about its being erroneously ordered becomes moot." *Padgett v. Cowart*, 232 Ga. 633, 634 (208 SE2d 455). As the arbitration proceedings has been conducted, we find this enumeration of error moot. *Keyway Contractors v. Leek Corp.*, 189 Ga. App. 467 (376 SE2d 212), cited by appellant, is distinguishable from this case.

Moreover, "[t]he judge has a discretion in regulating and controlling the business of the court and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from the abuse." (Citations and punctuation omitted.) *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (3) (376 SE2d 680). The record does not support a finding of such abuse in this case. See generally Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; OCGA § 15-6-8 (2) and (6). The cases cited by appellant in its brief and supplemental briefs are factually distinguishable from the case sub judice.

3. Appellant asserts that the trial court erred in failing to sustain his motion to modify the award of arbitrator, because the arbitrator exceeded his authority and erroneously used the standard of proof required in a criminal case, rather than in a civil case.

Appellant asserts that the arbitrator exceeded its authority, because the trial court's order in effect limited the findings of the arbitrator to the controversy between Bartlett's and Dimension Design.

An overstepping by the arbitrator of his authority which prejudices the rights of a party thereto may provide grounds for vacation of an award by the court. See, e.g., OCGA § 9-9-93. In this case, the trial court's order incorporated by reference the arbitration provision of the contract between Bartlett's and Dimension Design. A contract of submission, in such instances, furnishes the source and prescribes the limits of the arbitrator's authority and accordingly, the award must conform to the submission. See generally 2 EGL (1976 Rev.), Arbitration & Award, § 20; 6 CJS, Arbitration, § 69. However, the order of the trial court did not purport merely to submit the claim of Bartlett's against Dimension Design to arbitration. For example, the order also expressly submitted the cross-claim of Dimension Design against Batson-Cook to arbitration. Moreover in its motion to stay filed in this case, Batson-Cook asserted that Bartlett's claim against Batson-Cook, averred in another pending suit, "is part of the claim of [d]efendant Dimension Designs . . . in the pending

action." Considering the trial court's order in its entirety and the posture of the record currently before us, we find that the court's submission of the matter to the arbitrator was, in this instance, tantamount to a general submission. "Under a general submission, the arbitrators are bound to decide only those matters brought to their consideration by the parties. The presumption is that the matters decided by the arbitrators were so brought to their consideration." *Sheffield v. Clark*, 73 Ga. 92 (1). Applying this presumption in the case sub judice, we find that the arbitrator did not exceed his authority.

Assuming arguendo the inapplicability of the above presumption and in the absence of an arbitration hearing transcript, we would be unable to determine whether the arbitrator in fact exceeded his authority. When an enumeration of error is such as to require a review of the evidence and appellant fails to include a transcript on appeal, the enumerations must be deemed meritless. *Camp v. Jordan*, 168 Ga. App. 339 (309 SE2d 384); accord *Acker v. Jenkins*, 178 Ga. App. 393, 394 (343 SE2d 160).

Appellant also asserts that the trial court erred in not modifying the arbitrator's award, because the arbitrator placed an erroneous burden of proof upon him as evidenced by the arbitrator's statement that the "requirement for filing the lien had not been established beyond a reasonable doubt."

"[A]rbitrators are not obliged to apply strict rules of law in the matter at hand, when they act within the scope of their authority, unless the parties require adherence to such rules. In fact, it is stated that they may disregard the traditional rules of law. Accordingly, as a general rule, arbitrators are free to apply broad principles of justice and good conscience, and decide according to their concept or notion of justice. They are still obliged, however, to be guided by the basic agreement of the parties." 6 CJS, supra at § 70. We are satisfied from the state of the record before us that the arbitrator was applying broad principles of justice and good conscience rather than technical rules of evidence when he made his award. Moreover, from the state of the record, it is not apparent that the parties required the arbitrator to apply any other standard than that of justice and good conscience in his resolution of the issues before him. In *French v. Merrill Lynch &c.*, 784 F2d 902 (3) & (4) (9th Cir.), the court concluded that an arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law. This court is in agreement with this general rule and finds no reason to depart from it in this case. As the record before us neither establishes that the arbitrator's decision was completely irrational nor constitutes a manifest disregard of the law within the meaning of *French*, we are satisfied that the trial court did not err in its ruling.

Appellant's remaining enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 6, 1990.

*Zachary & Seagraves, W. E. Zachary, Sr.,* for appellant.
*John R. Whelan, Glover & Davis, Delia T. Crouch,* for appellees.