A94A0321. McALLASTER v. MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC. et al.
(443 SE2d 9)

McMURRAY, Presiding Judge.

Richard E. McAllaster brought a multi-count action against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Robert H. Thorne, for damages allegedly sustained after McAllaster's termination of employment from Merrill Lynch. Merrill Lynch filed a motion to compel arbitration pursuant to the parties' agreement to submit such disputes to arbitration. McAllaster filed a motion to stay any such arbitration. The trial court granted Merrill Lynch's motion to compel arbitration and denied McAllaster's motion to stay arbitration. McAllaster filed this direct appeal and also filed an application for interlocutory appeal pursuant to OCGA § 5-6-34 (b), stating that "[b]oth appeal procedures are pursued since if order at issue may be considered a final order since the trial court did not retain jurisdiction."

McAllaster's interlocutory application was denied on September 27, 1993, in Georgia Court of Appeals Case No. A93I0292. We now consider McAllaster's direct appeal. *Held:*

The grant of an application to compel arbitration is not equitable in nature, but "operates merely to stay further proceedings in a pending action when entered by the court in which the action is pending [and] ' ". . . is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ' *Bloomfield v. Liggett & Myers,* 230 Ga. 484, 485 (198 SE2d 144) (1973)." *Tillman Group v. Keith,* 201 Ga. App. 680 (1), 681 (411 SE2d 794). Consequently, the order granting Merrill Lynch's motion to compel arbitration does not constitute an equitable injunction directly appealable pursuant to OCGA § 5-6-34 (a) (4), but resolves an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b). *Phillips Constr. Co. v.*

*Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538). But see *Bartlett v. Dimension Designs, Ltd.*, 195 Ga. App. 845, 846 (2) (395 SE2d 64). The case sub judice must therefore be dismissed.

*Appeal dismissed. Birdsong, P. J., Beasley, P. J., Cooper, Johnson and Smith, JJ., concur. Pope, C. J., Andrews and Blackburn, JJ., concur specially.*

POPE, Chief Judge, concurring specially.

In *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488 (299 SE2d 538) (1983), the Supreme Court held that orders granting or denying motions to stay judicial proceedings pending arbitration are interlocutory in nature, but suggested that applications for interlocutory review of such orders should be viewed with favor except in the clearest cases due to considerations of judicial economy. See also *Rhodes v. Inland-Rome*, 195 Ga. App. 39, 40 (392 SE2d 270) (1990) (pursuant to *Phillips Constr.*, order granting appellee's motion to compel arbitration and stay judicial proceedings was certified for immediate review and the application for interlocutory review was granted). Although appellant's application for interlocutory review was denied in this case, that was the proper procedure to present the case to this court. Thus, I agree that this direct appeal must be dismissed.

In *Bartlett v. Dimension Designs, Ltd.*, 195 Ga. App. 845 (2) (395 SE2d 64) (1990), a panel of this court held that an order compelling arbitration and staying judicial proceedings was a directly appealable interlocutory injunction. This aspect of the *Bartlett* decision is inconsistent with *Phillips Constr.* and should be overruled.

I am authorized to state that Judge Andrews and Judge Blackburn join in this special concurrence.

DECIDED MARCH 31, 1994.

*Karsman, Brooks & Callaway, Stanley E. Harris, Jr.*, for appellant.

*Hunter, MacLean, Exley & Dunn, F. Saunders Aldridge III*, for appellees.

