A94A1439. PACE CONSTRUCTION CORPORATION
et al. v. NORTHPARK ASSOCIATES, L.P.
A94A1440. H. J. RUSSELL CONSTRUCTION COMPANY,
INC. v. NORTHPARK ASSOCIATES, L.P.
(450 SE2d 828)

JOHNSON, Judge.

Northpark Associates, L.P. brought a breach of contract action against Pace Construction Corporation, H. J. Russell Construction Company, Inc. (as successor to Interstate Construction Company), Henry C. Beck Company, Transamerica Insurance Company and Seaboard Surety Company. In its complaint Northpark requested the court to, among other things, compel arbitration pursuant to the terms of the parties' contract. Northpark filed a motion to stay judicial proceedings pending arbitration. Pace, Beck, Transamerica and Seaboard filed a motion to stay arbitration, Russell and Interstate

filed a motion to dismiss the action, and Pace filed a motion to dismiss or, in the alternative, for summary judgment. The trial court granted Northpark's motion to stay judicial proceedings pending arbitration and denied the defendants' motions to stay arbitration, to dismiss and for summary judgment. The court ordered Pace, Interstate and Russell to proceed to arbitration. In Case No. A94A1439, Pace and Beck appeal from the trial court's denial of their motions to dismiss and for summary judgment, and the grant of Northpark's motion to compel arbitration. In Case No. A94A1440, Russell appeals from the trial court's grant of Northpark's motion to compel arbitration.

Northpark contends these appeals must be dismissed because the order appealed from is not a final judgment and the appellants failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). We agree.

The grant of an application to compel arbitration is not directly appealable pursuant to OCGA § 5-6-34 (a) (4), but is instead an interlocutory matter reviewable pursuant to OCGA § 5-6-34 (b). *McAllaster v. Merrill Lynch &c.*, 212 Ga. App. 697 (443 SE2d 9) (1994); see *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538) (1983). A party seeking appellate review from an interlocutory order must follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). We note the case relied upon by Pace, Beck and Russell, *Bartlett v. Dimension Designs*, 195 Ga. App. 845 (395 SE2d 64) (1990), which stated an order directing arbitration is directly appealable pursuant to OCGA § 5-6-34 (a) (4), is inconsistent with the Supreme Court's holding in *Phillips Constr.*, supra, and was not followed by this court in *McAllaster*. We overrule *Bartlett* to the extent it authorizes the direct appeal of an order compelling arbitration. In addition, because our order granting supersedeas pending these appeals was based upon *Bartlett*, it must be vacated.

We are also without jurisdiction to entertain the defendants' appeals from the denials of their motions to dismiss and for summary judgment. Interlocutory appeal procedures must be followed to appeal from the denial of a motion to dismiss where, as here, the case is still pending below. See OCGA § 5-6-34 (a) (1); compare *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 776 (1) (437 SE2d 641) (1993). Similarly, the denial of a motion for summary judgment must be appealed in accordance with the interlocutory appeal provisions of OCGA § 5-6-34 (b). *Lumbermen's Underwriting Alliance v. Atlantic Wood Indus.*, 207 Ga. App. 392 (427 SE2d 861) (1993). Because the interlocutory application procedures were not followed, these appeals

must be dismissed for lack of jurisdiction.

*Appeals dismissed and order of supersedeas vacated. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews and Blackburn, JJ., concur. Beasley, P. J., Smith and Ruffin, JJ., dissent in part.*

BEASLEY, Presiding Judge, dissenting in part.

I respectfully dissent to the dismissal of the appeals from the grant of plaintiff Northpark's motion to compel arbitration.

In *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 491 (299 SE2d 538) (1983), the Supreme Court remanded the case so that the trial court could vacate the original order and reenter it in order to entertain a certificate for immediate review. We should do the same in this case for the following reasons.

As recognized in *Phillips*, supra at 489, a trial court's decision to compel arbitration has "significant consequences" which, if it is in error, results in the expensive and time-consuming waste described by the Supreme Court. That is especially true in this multi-party construction case. We can easily give the opportunity to avoid this by such a remand, which could conserve judicial resources in the end. The Supreme Court in *Phillips* favored review of this question of compelled arbitration.

Our own recent case of *Bishop Contracting Co. v. Center Bros.*, 213 Ga. App. 804 (445 SE2d 780) (1994), points this out and demonstrates how a worthless and unproductive exercise can occur when the question is not settled before one course or the other is followed. In *Bishop*, the trial court refused to compel arbitration, the case was tried, and appeal was taken; we reversed the judgment because there should have been arbitration first. It well may be that the law requires arbitration first in this case also, but we should at least decide that, if the trial judge certifies the question.

I am not suggesting that we do this in every case in which the complaining party attempts a direct appeal from a ruling on arbitration. This case differs because of the existence of *Bartlett v. Dimension Designs*, 195 Ga. App. 845 (395 SE2d 64) (1990). We are only *now* overruling it, to the extent that it leads litigants astray as to the proper procedure for appealing this issue. We ourselves followed it in granting supersedeas in this case and so should be tolerant of the confusion which was evident and understandable.

The notices of appeal in these cases were filed on January 25 and February 3, 1994, before publication of *McAllaster v. Merrill Lynch &c.*, 212 Ga. App. 697 (443 SE2d 9) ((March 31,) 1994), and *Bishop*, supra, ((June 14,) 1994). Consequently, the appellants did not have the benefit or the warning of those decisions when they filed their notices of appeal. Now that we have lifted the fog which drifted into procedural law with *Bartlett*, and the pathway is once again clear, we

should permit the appellants to follow it.

I am authorized to state that Judge Smith and Judge Ruffin join in this dissent.

DECIDED OCTOBER 21, 1994 —
RECONSIDERATIONS DENIED DECEMBER 5, 1994 — 

*Varner, Stephens, Wingfield & Humphries, J. D. Humphries III, Eric L. Nelson*, for Pace Construction Corp.

*Gleaton, Scofield, Egan & Jones, M. Michael Egan, Jr., Marla M. Eastwood*, for H. J. Russell Construction Co.

*Smith, Currie & Hancock, Glower W. Jones*, for Northpark Associates.