# Court of Appeals
# of the State of Georgia

ATLANTA, February 18, 2014

*The Court of Appeals hereby passes the following order:*

**A14D0227.  NATHAN LOGUE v. ANGELICA LOGUE.**

Nathan and Angelica Logue divorced in Texas. Angelica Logue subsequently moved to Georgia where she filed a petition to modify custody. Nathan Logue filed a motion to dismiss the custody petition, asserting that Texas retained jurisdiction over the matter. Nathan Logue filed a separate motion for attorney fees under OCGA § 9-15-14. The trial court entered an order staying the custody proceedings pending a ruling from the Texas court as to the appropriate forum for addressing custody issues. The trial court also denied the request for attorney fees. Nathan Logue seeks discretionary review of these rulings. We, however, lack jurisdiction.

The trial court's order staying judicial proceedings was not a final order. See, e. g., *McAllaster v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 212 Ga. App. 697 (443 SE2d 9) (1994) (court order compelling arbitration and staying judicial proceedings in pending action is interlocutory). And "a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." (Citation omitted.) *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989).

The fact that the trial court entered a subsequent order denying Nathan Logue's request for OCGA § 9-15-14 attorney fees does not alter this result. Where, as here, both the discretionary and interlocutory appeal statutes are implicated, compliance with the interlocutory appeal procedure is required. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). OCGA § 5-6-

35, which governs discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

Accordingly, Nathan Logue's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction, and this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　*Clerk's Office, Atlanta,* 02/18/2014
　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*