# Court of Appeals
# of the State of Georgia

ATLANTA,   October 09, 2014

*The Court of Appeals hereby passes the following order:*

## A15D0042. CERTO, LLC. et al v. ROCK WEST INVESTMENTS II, LLC.

On September 9, 2014, Certo, LLC. filed an application for discretionary appeal of the superior court's August 26, 2014 order granting Rock West Investments II, LLC. a writ of possession and summary judgment on two counts. However, because this case originated as a dispossessory action in magistrate court and issues remain pending in the superior court, we lack jurisdiction.

The application in this case clearly shows that Rock West filed a dispossessory proceeding in magistrate, asserting that Certo was a tenant holding over. Following an adverse ruling in magistrate court, Certo appealed to the superior court, which granted a writ of possession to Rock West. Certo then filed the instant application for discretionary appeal. His application, however, is untimely. Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d).  But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). OCGA § 44-7-56 provides that an appeal from any dispossessory judgment must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Because Certo did not file its application within seven days after the trial court's order, the application is untimely, and we therefore do not have jurisdiction to consider it.

Moreover, the application shows that although the trial court issued its ruling on the writ of possession, the matter remained pending in the trial court. The superior court's order indicates, "The parties shall come before the Court for a hearing on

Plaintiff's remaining claims . . . on Monday, October 20, 2014 . . . Failure to appear could result in dismissal of your case or a default judgment being entered against you." Because the trial court's order was not final, Certo was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) in order to obtain appellate review of this order. See *Pace Constr. Corp. v. Northpark Assoc.,* 215 Ga. App. 438, 439 (450 SE2d 828) (1994). For these reasons, we lack jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* _____10/09/2014_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*