# Court of Appeals
# of the State of Georgia

ATLANTA,___May 16, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A1634. BRIGITTE SCHILKE A/K/A BRIGITTE DILLARD v. VELERIA DILLARD A/K/A VELERIA BROWN.

On September 15, 2015, the trial court entered an order denying Veleria Dillard's motion for summary judgment. Veleria Dillard thereafter filed a motion for reconsideration, which was denied on October 5, 2015. On March 10, 2016, Veleria Dillard filed the notice of appeal. We lack jurisdiction to consider this direct appeal for two reasons.

First, the appeal is untimely. To be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Here, Veleria Dillard's notice of appeal was filed 177 days after entry of the trial court's order. Although Veleria Dillard filed a motion for reconsideration from the trial court's September 15, 2015 order, the denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

Second, Veleria Dillard was required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b) to appeal the denial of a motion for summary judgment. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994). She failed to do so.

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____05/16/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*