# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0350. JAMES R. THOMAS, JR. et al. v. KIA AUTO SPORTS OF COLUMBUS, INC. et al.**

This case has been before us several times. In 2012, James R. Thomas, Jr., and Sabrina R. Thomas filed an application for discretionary appeal from the trial court's order denying a motion to recuse, dismissing several claims, and granting defendant Kia Auto Sports of Columbus, Inc.'s motion to compel arbitration as to the remaining claims. We dismissed the Thomases' application because no final order had been entered in the case, and the Thomases had failed to comply with the interlocutory appeal procedures. Case No. A12D0455 (dismissed August 3, 2012). The Thomases also filed a direct appeal, raising six enumerations of error, but subsequently withdrew that appeal. Case No. A12A2325 (withdrawn August 13, 2012). In 2013, the Thomases filed a direct appeal from an order denying their motion to recuse the trial judge. We dismissed the appeal, once again informing the Thomases that they must comply with the interlocutory appeal procedures to appeal non-final orders entered by the trial court. Case No. A13A1661 (dismissed May 23, 2013).

In this application, the Thomases seek discretionary review of three trial court orders: (1) staying discovery, compelling arbitration, and directing the clerk of the court to no longer accept filings until the case has undergone arbitration; (2) denying an emergency motion to set aside or vacate void orders; and (3) dismissing a motion to vacate void orders and motion for sanctions on the basis that it was duplicative of

the issues raised in the Thomases' emergency motion to vacate void orders. None of these are final orders.[1] We, therefore, lack jurisdiction.

As we have repeatedly informed the Thomases in prior orders, "[a] party seeking appellate review from an interlocutory order must follow the interlocutory application procedure . . . , which includes obtaining a certificate of immediate review from the trial court." *Pace Constr. Corp. v. Northpark Assocs.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994); see also OCGA § 5-6-34 (b). Here, it appears from one of the orders that the Thomases attempted to obtain a certificate of immediate review, but the trial court declined to enter the certificate. "The denial of a certificate for interlocutory appeal is not reviewable." *Price v. State*, 237 Ga. 352 (2) (227 SE2d 368) (1976). Since the case remains pending below and no final order has been entered, the Thomases' failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this application, which is therefore DISMISSED. The Thomases' motion to amend their application is DENIED as MOOT.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __04/12/2017__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, *Clerk.*

---

[1] Although the trial court's orders indicated that the parties had 30 days to file a direct appeal or an application for appeal, there is no right to a direct or a discretionary appeal from a trial court's non-final order.