# Court of Appeals
# of the State of Georgia

ATLANTA,  February 12, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0661, A20A1094, A20A1095. PAMELA MCKETHAN v. HERITAGE SELECT, LLC. (three cases).**

Heritage Select, LLC filed a post-foreclosure dispossessory action against Pamela McKethan in magistrate court. The case was transferred to superior court where McKethan had a pending claim for injunctive relief and damages. On January 14, 2019, the superior court issued a writ of possession. McKethan apparently did not vacate the property, and the trial court issued a second writ of possession on June 28, 2019. The same day, the trial court entered an order vacating its prior writ of possession in which it noted a trial would take place on the remaining claims. McKethan filed both a notice of appeal and a motion for new trial. The appeal was transmitted and docketed as Case Number A20A0661.

On July 19, 2019, the trial court entered an order denying McKethan's motion for new trial. The court noted in its order that trial had not yet taken place, which rendered its orders interlocutory. McKethan, purporting to act pro se, appealed this ruling to the Supreme Court, which transferred the matter to this Court. This case has been docketed as Case Number A20A1095.

After being evicted by the sheriff, McKethan allegedly removed the locks installed by Heritage Select and moved back into the property. On September 9, 2019, Heritage Select filed an emergency motion for injunctive relief seeking McKethan's removal from the property. The same day, the trial court entered a show cause order. McKethan – through attorney Grady Roberts – appealed this ruling to the Supreme

Court.[1] The case was transferred to this Court and docketed as A20A1094. Heritage Select has filed motions to dismiss these appeals and to impose sanctions.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Here, none of the orders entered by the trial court resolved the action, which remains pending in the trial court. Accordingly, McKethan was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) in order to obtain appellate review. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994). Her failure to do so deprives us of jurisdiction over these appeals. Accordingly, the motions to dismiss filed by Heritage Select are hereby GRANTED and these appeals are DISMISSED.

Court of Appeals Rule 7 (e) (2) permits a panel of this Court to impose a penalty not to exceed $2,500 against a party and/or the party's counsel in any civil case who has filed an action in this Court deemed frivolous. Although McKethan's actions are frivolous, we will exercise our discretion at this time and decline to impose sanctions. We nevertheless caution McKethan against filing future frivolous appeals in this Court as such will result in the imposition of sanctions.

*Court of Appeals of the State of Georgia*



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __02/12/2020__
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____ , *Clerk.*

---

[1] On February 15, 2017, this Court issued an order revoking attorney Grady Alexander Roberts's permission to practice law before the Court of Appeals.