# Court of Appeals
# of the State of Georgia

ATLANTA, September 17, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1177. SYKES v. BORDEAUX et al.**

This direct appeal is from the denial of plaintiff's motion for summary judgment in a mandamus action. A direct appeal may be taken from an order granting or denying mandamus. OCGA § 5-6-34 (a) (7). But the trial court "did not grant or deny the writ of mandamus sought by the plaintiff and [instead ruled only that there is a genuine issue of material fact precluding summary judgment, so] upon denial of the motion for a summary judgment the action was left pending in the trial court." *Davis v. Holt*, 224 Ga. 55 (159 SE2d 403) (1968). Consequently, "[t]he appeal must be dismissed because . . . an order denying summary judgment is not [a final order] subject to review by direct appeal." Id. Rather, "the denial of a motion for summary judgment must be appealed in accordance with the interlocutory appeal provisions of OCGA § 5-6-34 (b)." *Pace Constr. Corp. v. Northpark Assns.,* 215 Ga. App. 438, 439 (450 SE2d 828) (1994). Under those provisions, the plaintiff was required "to seek a certificate of immediate review from the trial court and then file an application for interlocutory appeal." *Rivera v. Washington*, 298 Ga. 770, 773 (784 SE2d 775) (2016) (citation and punctuation omitted). Because the plaintiff failed to follow the interlocutory appeal procedures, the appeal is hereby dismissed. See *Rolleston v. Cherry*, 233 Ga. App. 295, 296 (504 SE2d 504) (1998).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __09/17/2020__
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*