# Court of Appeals
# of the State of Georgia

ATLANTA,  September 25, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0343. NUBIYN MZEKEWE v. WANDA WALL SPIVEY.**

The plaintiff Wanda Wall Spivey filed this dispossessory action against the defendant Nubiyn Mzekewe in magistrate court. The magistrate court entered a judgment which, inter alia, found that the plaintiff was entitled to a writ of possession, and the defendant appealed to the superior court. The superior court subsequently issued orders (1) granting the plaintiff's motion to strike the defendant's counterclaim; (2) granting the plaintiff's motion for a protective order regarding a discovery dispute; (3) granting the plaintiff's motion to draw down rental funds paid into magistrate court, and authorizing the disbursement of funds from the magistrate court registry; (4) denying the defendant's motion for injunctive relief, which sought to prevent the filing of a second dispossessory action and raising rent during the pendency of this case; (5) denying the defendant's motion to add a party; and (6) denying the defendant's motion for sanctions. The defendant then filed the instant direct appeal of these superior court orders. We lack jurisdiction.

As a general rule, a right of direct appeal only lies from a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Here, none of the orders issued by the superior court resolved the action, which remains pending in that court. Accordingly, the defendant was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) — including obtaining a certificate of immediate review — in order to obtain appellate review. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994). The defendant's failure to do so deprives us of jurisdiction over this appeal.

In addition, even if the superior court's order denying the defendant's motion

for injunctive relief may be considered exempt from the general rule that a direct appeal only lies from a final judgment, see OCGA § 5-6-34 (a) (4) (generally permitting direct appeals from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions"), the defendant would not be entitled to a direct appeal. Appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). The underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). Here, the underlying subject matter involves the superior court's review of the magistrate court's dispossessory judgment. Therefore, the defendant would need to comply with the discretionary appeal procedures even if he is appealing from an order that would otherwise be subject to direct appeal. See *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996) ("Compliance with the discretionary appeals procedure is jurisdictional.").

For these reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  09/25/2020
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_  , Clerk.