# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1393.  ELIZABETH LANGLEY v. TRAVELERS HOME AND MARINE INSURANCE COMPANY et al.**

Plaintiff Elizabeth Langley filed a breach of contract action, claiming that her insurer mishandled and failed to pay a claim under her homeowners insurance policy. The only named defendants in the complaint were Apex Disaster Management, Inc. and an entity that Langley identified as "Travel Insurance thru Geico." But service was made or attempted upon three non-parties – Geico Insurance Company, Phoenix Insurance Company, and Travelers Insurance Company. The non-parties moved to dismiss, arguing that they were not proper defendants. In response, plaintiff conceded that she had misidentified her insurer, and she moved to substitute another entity as a defendant. The trial court granted the dismissal motions and denied plaintiff's substitution motion. Plaintiff filed this direct appeal from the trial court's order. We, however, lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments, that is where the case is no longer pending in the trial court below. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Here, the trial court's order granted the dismissal motions of the non-parties, but there is no indication in the record that the claims against defendant Apex have been resolved. "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of

these code sections [is] followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) Id. The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b), and therefore, it is not a final order. And plaintiff failed to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). Plaintiff's failure to follow the required appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Pace Constr. Corp. v. Northpark Assocs.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/09/2021*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , Clerk.