# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0016. JOHNNIE MARENE THOMAS v. ALVIN THOMAS.

Alvin Thomas owned at least three parcels of real property in the metropolitan Atlanta area, including one located on Cascade Road, one located on Willis Mill Road, and one located on Singleton Road. While Alvin was serving a prison term, he gave his sister, Johnnie Marene Thomas, power of attorney to manage his affairs. Without Alvin's knowledge or consent, Johnnie used this power of attorney to transfer the Cascade Road and Willis Mill properties to her or to entities she controlled. Johnnie also failed to use Alvin's assets as he directed to pay the mortgage on the Singleton Road property, resulting in that property's foreclosure.

After Johnnie refused to return title to the Cascade and Willis Mill properties to Alvin, he filed suit. The complaint sought return of those properties to Alvin, damages resulting from the foreclosure on the Singleton property, an accounting of the rental and other income generated by Alvin's properties, and attorney fees.[1] On April 6, 2022, Alvin moved for entry of an order conveying the Willis Mill property back to him. After Johnnie failed to file a response, the trial court granted the motion and entered an order on June 2, 2022 transferring the Willis Mill property to Alvin. On July 7, 2022, Johnnie filed this direct appeal from that order. We lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *State v. White*, 354 Ga. App. 214, 215 (840 SE2d 697) (2020) (punctuation omitted). See also OCGA §

---

[1] Alvin sought attorney fees under OCGA § 13-6-11.

5-6-34 (a). The order that Johnnie seeks to appeal is not final, as the case remains pending below. Accordingly, Johnnie was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Pace Construction Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994). Her failure to do so deprives this Court of jurisdiction. *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016). See also *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Accordingly, this appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/05/2022__

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] We note that even if the order at issue was final, Johnnie's appeal would be untimely because it was not filed within 30 days of the entry of the order. See OCGA § 5-6-38 (a).