# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0114. KEVIN A. BROWN v. VIRGINIA PALHOF (EXECUTRIX OF THE ESTATE OF MICHAEL SCOTT BROWN).**

This application for a discretionary appeal arises out of a lawsuit filed in May 2019 by Michael Scott Brown ("Scott") against his brother, Kevin Brown, and Upco Ag Land Trust, LLC ("Upco"). Scott and Kevin were the sole members of Upco, which was formed for the purpose of operating a cattle business in Upson County (the "Cattle Partnership"). The LLC also holds title to a number of Georgia properties that the brothers inherited from their mother. In his complaint, Scott sought a declaratory judgment as to the respective rights Kevin and he had in the real and personal property held by Upco, as well as an order requiring Kevin to provide him with an accounting as to Kevin's use of assets belonging to Upco and/or the Cattle Partnership.

In February 2020, Scott passed away and his widow, Virginia Palhof, as the executrix of Scott's estate, was substituted as the plaintiff. Several months later, in July 2020, the trial court granted Virginia's motion for an interlocutory injunction. That injunction barred both Kevin and Upco from disposing of or encumbering any asset held by Upco or the Cattle Partnership. The order further required that Kevin provide Virginia with an accounting of the business affairs of the Cattle Partnership.

The parties mediated the case in February 2021, and the trial court found that they reached a settlement agreement, the terms of which were outlined in writing. After the terms of the agreement were memorialized in a formal settlement document, however, Kevin refused to execute the same. Virginia then filed a motion to enforce

the settlement, and she also sought an accounting of the business affairs of the Cattle Partnership and an award of attorney fees under OCGA § 9-14-15 (b). In December 2021, the trial court entered an order granting the motion to enforce the settlement; requiring Kevin to execute the settlement agreement within 14 days; and scheduling a hearing on Virginia's motion for attorney fees. Kevin thereafter moved to set aside the December 2021 order.

Following a hearing, the court entered an order on August 26, 2022, denying Kevin's motion to reconsider; awarding Virginia $40,489.82 in attorney fees; requiring Kevin to pay 50% of the attorney fee award by August 10 and the balance by October 10; holding Kevin in contempt for failing to execute the settlement agreement; requiring Kevin to execute the settlement agreement within 14 days of the order to purge himself of contempt; and denying in part and granting in part Virginia's motion for the release of funds from the trial court registry. Kevin then filed this application for a discretionary appeal, seeking review of the trial court's August 26 order, as well as the orders the court entered in July 2020 and December 2021.[1] We, however, lack jurisdiction.

The application materials filed by Kevin show that the case remains pending below, and that no final judgment has been entered. See *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) (a final order exists where there remain no issues to be resolved by the trial court); OCGA § 5-6-34 (a) (1), (b). Thus, the August 26 order is interlocutory in nature, as are the other orders that Kevin seeks to appeal. See OCGA § 5-6-34 (a) (1), (b); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). Accordingly, Kevin was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Pace Const. Corp. v. Northpark Associates, Ltd. Partnership,* 215 Ga. App. 438, 439 (450 SE2d 828) (1994). Kevin's

---

[1] Kevin filed his application in the Supreme Court of Georgia on September 26, 2022. On November 4, the Supreme Court transferred the application to this Court.

failure to follow those procedures deprives us of jurisdiction to consider this application, which is hereby DISMISSED. *CitiFinancial Services v. Holland*, 310 Ga. App. 480, 480 (713 SE2d 678) (2011).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___11/30/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*