# Court of Appeals
# of the State of Georgia

ATLANTA,  September 16, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1993. ARMISHA MAYS et al. v. ALLEN & NOLAN BOYD, LLC.

In July 2023, Allen & Nolan Boyd, LLC filed a complaint to partition certain real property among the putative heirs to the estate of the deceased owner of the property (the "appellants"), pursuant to OCGA § 44-6-180 et seq. After a protracted dispute about the valuation of the property, the trial court issued an order whereby Allen & Nolan Boyd would transfer its interest in the property to three of the heirs in exchange for $517,361.11, which had been deposited into the court's registry. In March 2025, the trial court entered an order disbursing the funds in connection with the sale of the property, save for $25,000. The appellants then filed this direct appeal.[1] We, however, lack jurisdiction.

As a general rule, a right of direct appeal only lies from a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Moreover, in a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed,

---

[1] This appeal was originally directed to the Supreme Court of Georgia, which transferred the case here. See Case No. S25A1026 (May 21, 2025).

the appeal is premature and must be dismissed. Id.

Here, the trial court did not disburse all the funds paid into the court registry, it does not appear that the rights of all the heirs have been adjudicated, and the trial court did not direct an entry of judgment under OCGA § 9-11-54 (b). The case thus remains pending below. Accordingly, the appellants were required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review, in order to obtain appellate review. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Bryan Cave Leighton Paisner, LLP v. Gebo Law, LLC*, 374 Ga. App. 442, 442-443 (912 SE2d 346) (2025).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  09/16/2025*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*