# Court of Appeals
# of the State of Georgia

ATLANTA,  September 25, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0309. JOHNNIE MARLENE THOMAS v. ALVIN THOMAS, AS ADMINISTRATOR OF THE ESTATE OF IRENE THOMAS.

In October 2023, Alvin Thomas, in his capacity as Administrator of the Estate of Irene Thomas and also in his individual capacity, filed a complaint against Johnnie Thomas, seeking her eviction from the decedent's home, as well as rent, the fair market value of converted assets, and for the property to be sold. Johnnie Thomas answered and counterclaimed. Alvin Thomas then filed a motion to sell the property. Following a failure to provide discovery, Alvin Thomas filed a motion for sanctions and default. The trial court subsequently entered an order striking Johnnie Thomas's answer and directing her to be evicted from the home and for the property to be sold. Johnnie Thomas then filed this direct appeal. Alvin Thomas has filed a motion to dismiss the appeal, arguing that this Court lacks jurisdiction. We agree.

As a general rule, a right of direct appeal only lies from a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Moreover, in a case involving multiple claims, a decision adjudicating fewer than all the claims is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the trial court case remains pending below as to the remaining claims, and

the trial court did not direct an entry of judgment under OCGA § 9-11-54 (b). Accordingly, Johnnie Thomas was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review, in order to obtain appellate review. See *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438, 439-440 (450 SE2d 828) (1994). Her failure to do so deprives us of jurisdiction over this appeal. Accordingly, Alvin Thomas's motion is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  09/25/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*